# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> Crystal Marchant, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Maxim Healthcare Services, Inc., ) <br> Defendant. ) | IN THE COURT OF COMMON PLEAS <br> CASE NO.: 2018-CP-10-_____ <br> <br> **COMPLAINT** <br> **JURY TRIAL REQUESTED** |

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Respectfully submitted,

WIGGER LAW FIRM, INC.

_____
Jarrel L. Wigger
8086 Rivers Avenue, Ste A
North Charleston, SC 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 25 day of July, 2018.

2018-CP-10-3749

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | CASE NO.: 2018-CP-10-____ |
| ) | |
| Crystal Marchant, ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **JURY TRIAL REQUESTED** |
| v. ) | |
| ) | |
| Maxim Healthcare Services, Inc., ) | |
| Defendant. ) | |

FILED 2018 JUL 30 AM 11:50 BY JULIE J. ARMSTRONG CLERK OF COURT

The Plaintiff complaining of the Defendant alleges as follows:

1. Plaintiff, Crystal Marchant, is a citizen and resident of Dorchester, South Carolina.

2. Defendant, Maxim Healthcare Services, Inc, upon information and belief, is a domestic corporation and is operating by virtue of laws of the State of Maryland, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

3. That in or about April 2017, the Plaintiff and the Defendant entered into an employment relationship whereby the Defendant employed the Plaintiff.

4. At all times Plaintiff was efficient and effective in her work, receiving positive employee evaluations.

5. Between April 2017 and August 2017, Plaintiff reported narcotic medication missing to Defendant Team Leader, Felicia Boatwright. Ms. Boatwright did not take any actions to investigate or correct the missing medication. Plaintiff then reported the missing medication to another nurse, Vikki. Vikki told Ms. Boatwright that Plaintiff had reported the missing medication. Ms. Boatwright punished Plaintiff for reporting the missing medication to Vikki.

6. On or about August 30, 2017, Plaintiff was cooking lunch when a patient went outside and was locked out of the building by Defendant employee Tamara Ford. Defendant Behavioral Specialist, Matt, reported that a patient had been locked out of the building.

7. Defendant Program Director, Mary Jo Neighbors, told Plaintiff to leave immediately, ostensibly blaming her for the patient being locked out of the building.

8. On or about October 1, 2018, Plaintiff was interviewed by an agent from SLED, who determined that Plaintiff had not done anything wrong and had nothing to do with the patient being locked out of the building.

9. Plaintiff contacted Defendant repeatedly following her interview with SLED to learn the status of her employment, but was never spoken to, and her calls went unreturned.

10.     On or about October 15, 2017, Ms. Neighbors informed Plaintiff that she was submitting Plaintiff's interview to Defendant's corporate office for a decision on whether to terminate Plaintiff.

11.     Plaintiff continued to contact Defendant to learn the status of her employment.

12.     On or about November 13, 2017, Plaintiff was terminated. The reason given to Plaintiff was pretextual, and not the true reason for her termination. Plaintiff contends there were no safety concerns with her work and she was really terminated based on the raising of the issues of violations of criminal laws and guidelines. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for Plaintiff reporting that narcotic medication was missing and for participating in a SLED investigation and providing truthful testimony.

## FOR A FIRST CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

13.     Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

14.     That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant were the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendant's covering up the reported missing narcotic medication.

15.     That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was due to Plaintiff cooperating in a SLED investigation and providing truthful testimony.

16.     That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

17.     That the aforesaid termination of Plaintiff's employment by the Defendant, its agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

18.     That as a direct and proximate result of the aforesaid conduct of the Defendants, their agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1.     Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants for past wages, commissions and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

5. Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

WIGGER LAW FIRM, INC.

Jarrel L. Wigger
8086 Rivers Avenue, Ste A
North Charleston, SC 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 25 day of July 2018.